# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA,
# GREAT FALLS DIVISION

| | |
|---|---|
| ROGER ONDOUA,<br><br>    Plaintiff,<br><br>v.<br><br>MONTANA STATE UNIVERSITY, et al,<br><br>    Defendant. | 4:18−CV−05−BMM<br><br>**ORDER** |

    Plaintiff Roger N. Ondoua filed a complaint against Defendants Montana State University, Charles Boyer, Barry Jacobsen, Deborah Barkley, Brandi Clark, Shana Wold, Gadi Reddy, Julie Orcutt, Shad Chrisman, Julie Prewett, and John Does 1−5. Doc. 1. Defendants filed a motion for summary judgment for Defendants Boyer and Jacobsen. Doc. 77. Defendants a filed motion for summary judgment for Defendants Barkley, Clark, and Wold. Doc. 79. Defendants filed a motion for summary judgment for Defendant Reddy. Doc. 81. Defendants filed a

1

motion for summary judgment for Defendants Miller, Chrisman, Orcutt, and Prewett. Doc. 83. Defendants filed a motion for summary judgment for Defendant Montana State University. Doc. 85. This Court held a hearing on September 25, 2020.

**MOTION FOR SUMMARY JUDGMENT (DOC. 77).**

- **JACOBSEN.**

The motion is **DENIED** as it relates to Count 1 (disparate treatment under 42 U.S.C. § 1981) and Count 2 (retaliation under 42 U.S.C. § 1981), as genuine issues of fact exist.

The motion is **GRANTED** as it relates to Count 3 (aiding and abetting tortious interference with contract) and Count 11 (tortious interference with contract).

- **BOYER.**

The motion is **DENIED** as it relates to Count 1 (disparate treatment under 42 U.S.C. § 1981), as genuine issues of fact exist.

**MOTION FOR SUMMARY JUDGMENT (DOC. 79).**

- **BARKLEY.**

The motion is **DENIED** as it relates to Count 1 (disparate treatment under 42 U.S.C. § 1981) and Count 13 (infliction of emotional distress), as genuine issues of fact exist.

- **CLARK.**

The motion is **DENIED** as it relates to Count 1 (disparate treatment under 42 U.S.C. § 1981), Count 2 (retaliation under 42 U.S.C. § 1981), and Count 13 (infliction of emotional distress), as genuine issues of fact exist.

The motion is **GRANTED** as it relates to Count 3 (aiding and abetting tortious interference with contract) and Count 18 (false light).

- **WOLD.**

The motion is **GRANTED** as it related to Count 3 (disparate treatment under 42 U.S.C. § 1981) and Count 11 (tortious interference with contract).

Defendant Wold is dismissed as a defendant.

**MOTION FOR SUMMARY JUDGMENT (DOC. 81).**

- **REDDY.**

The motion is **DENIED** as it relates to Count 1 (disparate treatment under 42 U.S.C. § 1981), Count 5 (hostile work environment under 42 U.S.C. § 1981), and Count 13 (infliction of emotional distress), as genuine issues of fact exist.

The motion is **GRANTED** as it relates to Count 3 (aiding and abetting tortious interference with contract), Count 11 (tortious interference with contract), Count 18 (false light), and Count 19 (intrusion into seclusion).

**MOTION FOR SUMMARY JUDGMENT (DOC. 83).**

- **MILLER.**

The motion is **GRANTED** as it relates to Count 1 (disparate treatment under 42 U.S.C. § 1981), Count 3 (aiding and abetting tortious interference with contract), Count 5 (hostile work environment under 42 U.S.C. § 1981), and Count 11 (tortious interference with contract).

Defendant Miller is dismissed as a defendant.

- **ORCUTT.**

The motion is **GRANTED** as it relates to Count 11 (tortious interference with contract).

Defendant Orcutt is dismissed as a defendant.

- **PREWETT.**

The motion is **GRANTED** as it relates to Count 1 (disparate treatment under 42 U.S.C. § 1981), Count 3 (aiding and abetting tortious interference with contract), Count 5 (hostile work environment under 42 U.S.C. § 1981), and Count 11 (tortious interference with contract).

Defendant Prewett is dismissed as a defendant.

- **CHRISMAN**

The motion is **GRANTED** as it relates to Count 1 (disparate treatment under 42 U.S.C. § 1981), Count 5 (hostile work environment under 42 U.S.C. § 1981), Count 11 (tortious interference with contract), Count 18 (false light), and Count 19 (intrusion into seclusion).

The motion is **DENIED** as it relates to Count 13 (infliction of emotional distress) and Count 14 (defamation), as genuine issues of fact exist.

**MOTION FOR SUMMARY JUDGMENT (DOC. 85).**

- **MONTANA STATE UNIVERSITY.**

The motion is **DENIED** as it relates to Count 1 (disparate treatment under Title VII, 42 U.S.C. § 2000e), Count 2 (retaliation under Title VII, 42 U.S.C. § 2000e), and Count 5 (hostile work environment under Title VII, 42 U.S.C. § 2000e), as genuine issues of fact exist.

The motion is **GRANTED** as it relates to Count 1 (disparate treatment under 42 U.S.C. § 1981), Count 2 (retaliation under, 42 U.S.C. § 1981), Count 4 (harassment under Title VII, 42 U.S.C. § 2000e), Count 4 (harassment under 42 U.S.C. § 1981), Count 6 (violation of Montana's False Claims Act), Count 12 (blacklisting), and Count 17 (public disclosure of private facts).

DATED this 29th day of September, 2020.

_____
Brian Morris, Chief District Judge
United States District Court