IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| **ROGER N.M. ONDOUA**, <br><br> Plaintiff, <br><br> vs. <br><br> **MONTANA STATE UNIVERSITY, et al**, <br><br> Defendants. | CV-18-05-GF-BMM-JTJ <br><br> ORDER |

Plaintiff Roger N.M. Ondoua filed a Complaint against Defendants Montana State University, Charles Boyer, Barry Jacobsen, Deborah Barkley, Brandi Clark, Shana Wold, Gadi Reddy, Julie Orcutt, Shad Chrisman, Julie Prewett, and John Does 1−5. Doc. 1. Plaintiff filed a Motion for Sanctions on August 28, 2020. Doc. 200. Plaintiff asks this Court to exercise its inherent authority to sanction Defendants. Doc. 202. Plaintiff argues that Defendants' conduct in discovery and document preservation was deceptive and prejudicial. *Id*.

1

ANALYSIS

**PERSONNEL FILES**

Plaintiff alleges that Defendants acted deceptively when Defendants initially withheld certain documents related to Montana State University personnel files. Doc. 202 at 16−18.  These documents include the following: (1) performance evaluations for Defendants Miller, Reddy, Prewett, and Chrisman; (2) complaints alleged against Defendant Prewett; (3) various ethics hotline cases alleged against Defendant Reddy.  Defendants initially objected to disclosing the documents, arguing that Plaintiff's discovery request was overly broad and in violation of the individuals' privacy.  Doc. 146 at 20−21.

United States Magistrate Judge Johnston scheduled a hearing (Doc. 164) and ordered Defendants to disclose the documents.  Doc. 169.  Defendants complied with Judge Johnston's order and disclosed the documents shortly afterwards. Doc. 202 at 19−21.  Plaintiff argues this practice was deceptive.  Doc. 202.  This scenario presents a standard mechanism whereby a party objects to a discovery request and the opposing party overcomes that objection.  Plaintiff does not argue that Defendants withheld the personnel files after Judge Johnston ordered them to disclose the documents.  Plaintiff argues only that Defendants initially withheld these documents until this Court resolved their objection.  Judge Johnston resolved the any issue related to Montana State University's personnel files when he

ordered Defendants to disclose them.  This Court will not relitigate this discovery issue again under the guise of sanctions.

SPOLIATION

Plaintiff alleges that Defendants acted deceptively when Defendants failed to preserve certain documents properly for discovery.  Those documents include the following: (1) Plaintiff's 2015 performance evaluation; (2) the meme placed on Plaintiff's office door; (3) Plaintiff's email responses to the letters of warning that MSU issued to him; and (4) the actual letter of warning that MSU issued to Defendant Reddy.  Doc. 202.

Defendants concede that they could not provide Plaintiff with the documents.  Defendants content that they did not act wrongfully.  Doc. 212 at 8.  Defendants claim that Plaintiff already possessed copies of his 2015 performance evaluation, the meme, and his email responses to Plaintiff's letters of warning.  Doc. 212 at 14−16.  Defendants do not dispute the authenticity of Plaintiff's copies.  Defendants also claim that they provided Plaintiff with a draft of Defendant Reddy's letter of warning instead of the actual letter because the actual letter had been delivered to Defendant Reddy.  *Id*.  Defendants do not contest the authenticity of the draft letter and do not allege any differences exist between the draft preserved and the actual letter delivered to Defendant Reddy.  *Id*.

3

Plaintiff seeks various jury instructions to invite the jury to draw negative inferences from Defendants' inability to produce these documents. Doc 202 at 31−32. Negative-inference jury instructions prove unnecessary. The jury will not need to infer the content of the documents. Plaintiff has copies of his 2015 performance evaluation, the meme, and his email responses to MSU's letter of warning. Defendants do not contest at this time the authenticity of these copies. Defendants conduct proves less than ideal. To ensure that Defendants do not benefit from their failure to preserve these documents, the Court will take the following steps: (1) Defendants shall not be allowed later to challenge the authenticity of any of these documents at trial; and (2) Defendants shall not be allowed later to argue that the draft of Defendant Reddy's letter of warning differs from the actual letter that MSU delivered to Defendant Reddy.

**INCOMPLETE DISCOVERY.**

Plaintiff alleges that Defendants acted deceptively when Defendants failed to provide the following: (1) MSU phone logs in a readable format; (2) Defendant Jacobsen's complete notebook; and (3) written documentation related to the meetings that Defendants conducted when deciding whether to renew Plaintiff's employment contract. Doc. 202.

Defendants claim that they have provided all of the documents in their possession. Doc. 212. Specifically, Defendants claim that they provided Plaintiff

4

with MSU's phone logs in the only format available and all of Jacobsen's notes in their possession. *Id*. at 16−18. Defendants also claim they did not disclose documents related to the meetings because no notes were taken during those meetings.

This Court dealt with the issue of MSU's phone logs at oral argument. Doc. 217. This Court ordered Defendants either to disclose the relevant phone logs in a readable format, or if that proves impossible, to produce an affidavit documenting the steps Defendants have taken to obtain readable phone logs. *Id*. Defendants filed an affidavit after unsuccessfully pursuing readable phone logs in a readable format. Doc. 220.

Plaintiff has not provided any evidence that Defendants currently are withholding documents related to Jacobsen's notes or Defendants' meetings. Defendants claim that no written memorialization of those meetings exist. Defendants claim that they disclosed all available notes from Jacobsen's notebook. Without evidence that Defendants are continuing to conceal those documents, sanctions are not appropriate.

## ORDER

Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Sanctions is **DENIED** in part and **GRANTED** in part.

Defendants shall not challenge at trial the authenticity of Plaintiff's copy of Plaintiff's 2015 performance evaluation.

Defendants shall not challenge at trial the authenticity of Plaintiff's copy of the meme.

Defendants shall not challenge at trial the authenticity of Plaintiff's copy of Plaintiff's email responses to Plaintiff's letter of warning.

Defendants shall not challenge at trial the authenticity of the draft of Defendant Reddy's letter of warning.

Defendants shall not argue at trial that the draft of Defendant Reddy's letter of warning differ from the actual letter MSU sent to Defendant Reddy.

Dated this 6th day of October, 2020.

_____
Brian Morris, Chief District Judge
United States District Court